# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LASHARON A. BELL,

      Plaintiff,

                                    Case No:

v.

                                      Hon.

TREMEC CORPORATION,

      Defendant.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COME, Plaintiff, LaSharon A. Bell, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, LaSharon A. Bell, is a resident of the Township of Inkster, County of Wayne and State of Michigan.

2.    Defendant, TREMEC Corporation, (hereinafter "TREMEC") is a domestic profit corporation whose resident agent is Jeremy Holt, and whose

registered office address is 14700 Helm Court, Plymouth, MI 48170.

3.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, in violation of Title VII of the Civil Rights Act of 1964, and in violation of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the complaint as though fully set forth herein.

7.      On or around July 8, 2019, Plaintiff was hired by Defendant TREMEC at TREMEC's Novi location.

8.      While employed by Defendant, Plaintiff became pregnant.

9.      During the course of Plaintiff's pregnancy, she developed subchorionic hematoma and hypertension, which are disabilities under the Americans with Disabilities Act, the Michigan Elliott-Larsen Civil Rights Act, the Persons with

2

Disabilities Civil Rights Act, and Pregnancy Discrimination Act of 1978.

10.    Plaintiff's medical conditions were severe enough that the conditions could have caused a miscarriage of her child if Plaintiff did not seek job accommodations.

11.     Plaintiff was advised by her medical provider that she could continue working if she had reasonable accommodations, including not lifting items heavier than twenty pounds, not standing or bending longer than four hours unless she was given a 10–15-minute break every four hours, not being exposed to noxious fumes or liquid solvents in the course of a usual workday and all times, if possible, and not working more than forty hours a week.

12.    On or about February 4, 2020, Plaintiff first informed her employer of her medical conditions and her need for accommodations.

13.    On or about February 24, 2020, Plaintiff provided Defendant with medical documentation of her conditions and requested reasonable accommodations from Defendant.

14.    Plaintiff gave Defendant's human resources department a note from her doctor explaining Plaintiff's medical condition, and how Plaintiff needed specified reasonable accommodations that her doctor had listed in order to prevent her medical conditions from escalating and preventing a miscarriage or other pregnancy-related health issues.

3

15.     After informing her employer of her medical conditions, Defendant's employees, agents, or servants tried to steer Plaintiff into taking time off under the Family and Medical Leave Act, despite knowing that Plaintiff did not qualify because Plaintiff had not been employed by Defendant TREMEC for at least one year.

16.     Plaintiff's request for reasonable accommodations was denied by Defendant's employee, agent, representative, or servant, who told Plaintiff that the request could not be processed on the day that Plaintiff brought this to Defendant's attention.

17.     Plaintiff was taken off her scheduled shifts with Defendant as a result of her showing her employer that she was requesting an accommodation.

18.     Plaintiff was subsequently terminated by her employer on February 25, 2020 due to her pregnancy and disability.

19.     Plaintiff was issued a right to sue letter by the United States Equal Employment Opportunity Commission on September 13, 2021.

### COUNT I
### PREGANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000D, *ET. SEQ.*, AS AMENDED BY THE PREGANCY DISCRIMINATION ACT OF 1978, Pub. L. 95-555.

20.     Plaintiff incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21.     Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from her employer and/or supervisors based upon her sex/gender.

22.     Pregnancy and child birth is a characteristic of Plaintiff's sex/gender as a female, and included in Plaintiff's protection from sex harassment/discrimination under the Pregnancy Discrimination Act of Title VII.

23.     Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex and, as a woman who had recently become pregnant.

24.     Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex/gender as a pregnant woman.

25.     Defendant is an employer within Title VII.

26.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

27.     Plaintiff is entitled to exemplary, punitive and compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

28.     Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

29.    Defendant owed Plaintiff as a pregnant woman, a duty to adequately advise its employees to refrain from discriminating against Plaintiff, a pregnant woman.

30.    Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop harassment on the basis of Plaintiff's sex and pregnancy creating a hostile work environment; and

    b. Taking adverse employment action against Plaintiff due to her sex and pregnancy including terminating her.

31.    As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

32.    Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, *ET SEQ*.

33.     Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34.     Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex and pregnancy.

35.     Pregnancy is a characteristic of Plaintiff's sex and is included in Plaintiff's protection from sex harassment/discrimination under Michigan law and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

36.     Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and pregnancy.

37.     Defendant is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

38.     Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its

7

employees, and agents to the point where her status as an employee has been detrimentally affected.

39.    Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

40.    Defendant and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

  a. Violating the laws against discrimination by engaging in sex discrimination in the workplace;

  b. Retaliating against employees who make complaints of discrimination and harassment; and

  c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

41.    Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

42.    Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

  a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

  b. Taking adverse employment action against Plaintiff due to her sex and pregnancy; and

  c. Retaliating against Plaintiff for her complaints of sex discrimination.

43.    As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

44.    Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

45.    Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46.    Plaintiff suffered from pregnancy related conditions including subchorionic hematoma and hypertension, which substantially interfered with major life activities and is a disability under The Americans with Disabilities Act of 1990 ("ADA").

47.    Defendant perceived and regarded Plaintiff as being a person with a disability.

48.     Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

49.     Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

50.     Defendant is an employer within the meaning of the ADA.

51.     Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and/or request for an accommodation, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was terminated by Defendant.

52.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

53.     Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a.  Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability;

    b.  Violating the laws against discrimination by creating a hostile work environment which substantially interfered with her ability to do her job based on her disability; and

    c.     Violating the laws against discrimination by terminating Plaintiff based exclusively upon her disability.

54.    Defendant breached and violated its duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a.     Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b.     Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    c.     Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

    d.     Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees;

    e.     Failing to provide reasonable accommodations; and

    f.     Terminating Plaintiff based upon her disability.

55.    As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

56.    Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including economic damages, wage loss, embarrassment, outrage,

mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT, MCLA §37.1101, *ET SEQ.*

57.    Plaintiff incorporates by reference paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58.    Plaintiff suffered from pregnancy related conditions including subchorionic hematoma and hypertension, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

59.    Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

60.    Plaintiff's disability was a factor in Defendant's employment decisions, including, but not limited to refusing to accommodate her and terminating her.

61.    Defendant is an employer within the meaning of the PWDCRA.

62.     Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant and was terminated by Defendant.

63.     Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

64.     Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

a.  Violating the laws against discrimination by refusing to accommodate Plaintiff;

b.  Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

c.  Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

d.  Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

65.     Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

66.     As a direct and proximate result of Defendants harassment and discrimination of Plaintiff solely on the basis that she had a disability or was

13

perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a.   Economic damages;

    b.   Mental anguish;

    c.   Fright;

    d.   Shock;

    e.   Embarrassment;

    f.   Outrage;

    g.   Anxiety;

    h.   Emotional distress;

    i.   Loss of self-esteem; and

    j.   Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

14

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, Michigan 48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated: October 26, 2021

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, LaSharon A. Bell, by and through her attorney's, Scott P. Batey and Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
      SCOTT P. BATEY (P54711)
      Attorney for Plaintiff
      30200 Telegraph Road, Suite 400
      Bingham Farms, Michigan 48025
      (248) 540-6800
      sbatey@bateylaw.com

Dated: October 26, 2021

15